the requisite conditions, are but a repetition of the words in the first article, with the aud ...onal direction that he should ascertain if the persons who petitioned, if foreigners, applied with a view to settle in the country —if citizens, to live on and cultivate the soil, and that the land petitioned for was "vacant," such being requisite conditions of persons and land coming within the purview of the regulations themselves. But if this interpretation be deemed equivocal, and not a clear exposition of the intention to be gathered from the colonization act of 1824, and the general regulations of 1828, we consider there is such doubt on this point, that it cannot be successfully urged to defeat the claim of the appellant acquired under the interpretation of the granting power by all the political chiefs and lesser functionaries of the Mexican government, acquiesced in for years by the supreme executive power sanctioned by well established usage, and had thus become a rule of property under which large amounts of property have been acquired, held, and transferred during the existence of Mexican rule in California.

It has been strongly argued by counsel for the appellant that the colonization act of 1824 applies exclusively to foreign colonists, and is applicable to the states only, and does not extend to the territories of the republic. In the view taken of this case, it is deemed unnecessary to discuss these questions.

In this case the evidence clearly establishes the fact that at no time did the appellant abandon his claim. Within two years after receiving his grant he took actual possession of the premises, and lived on and cultivated them until 1841, when the Mexican authorities placed him in judical possession, which he maintained until the acquisition of Mexico by that country. It is true he did not attain judicial possession until some five years after the date of his grant, but subsequently in 1841 he did obtain from the authorities such possession and has continued to hold under it to the present time. Under these circumstances, we consider that his claim is to be held valid by the rules prescribed for our guidance in the adjudication of this and similar cases.

It is therefore hereby ordered, adjudged and decreed that the decision and decree of the board of commissioners for the ascertainment and settlement of private land claims in California made in this case be confirmed, and that the claim of the appellant, Cruz Cervantes, be, and the same is hereby confirmed to the extent of two square leagues or sitios de ganado mayor, and for no more; being the same land described in the grant and expediente referred to therein, and of which judicial possession was given to him as appears by the evidence, provided that the said quantity to him granted, and now to him confirmed, be contained within the boundaries called for in said grant, and map to which the grant refers; and, if there be less than two square leagues, or sitios de ganado mayor, within the said bounds then there is confirmed to him the said less quantity.

[NOTE. The United States appealed from the decree of the circuit court to the supreme court, where the decree below was affirmed on the grounds, as appears from the opinion delivered by Mr. Justice Grier, that under the decision in U. S. v. Reading, 18 How. (59 U. S.) 1, the objection that the grant had not been approved by the departmental assembly was untenable, as was likewise the objection that the land was within the 10 littoral leagues,—that restriction applying to foreign colonists, and not to Mexican citizens,—following U. S. v. Arguello, 18 How. (59 U. S.) 539; also, that the tracts appurtenant to missions never vested in the church or any one else by legal title, and that the lands, though formerly occupied by a mission, were not so occupied when the grant was made, the grant having been made with the assent of the mission, which set up no further claim to occupancy; therefore, that the 17th section of the regulations of 1828, forbidding the grant of lands "occupied" by missions for colonization, could have no*application to unoccupied lands not made the subject of colonization. U. S. v. Cervantes, 18 How. (59 U. S.) 553.]

CERVANTES (UNITED STATES v.). See Case No. 14,768.

## Case No. 2,561.

### The C. F. ACKERMAN.

Circuit Court, E. D. New York. 1877.[1]

[Nowhere reported; opinion not now accessible. For an opinion in this case subsequent to the affirmance of the decree of the district court, see Case No. 2,564.]

## Case No. 2,562.

### The C. F. ACKERMAN.

[8 Ben. 496.][2]

District Court, E. D. New York. July, 1876.[3]

DAMAGES—TUG AND TOW—SALVAGE AWARD.

Where a tug towed a vessel aground and she was compelled to pay salvage to another tug to haul her off: *Held*, that the facts proved showing carelessness on the part of the tug, as the cause of the grounding, the vessel was entitled to recover from her as damages the salvage ordered by the court to be paid to the tug that drew the vessel off.

[Cited in Greenwood v. The Fletcher, 42 Fed. 504.]

In admiralty. This was an action brought by the owners of the brig Homely to recover as damages a sum the Homely was ordered to pay as salvage. See the case of The Homely [Case No. 6661].

Scudder & Carter, for libellant.
Butler, Stillman & Hubbard, for claimant.

---

[1] [Affirming Case No. 2,562.]
[2] [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]
[3] [Affirmed in Case No. 2,561.]